**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3796-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KYREE T. JOHNSON, a/k/a KYRE JOHNSON,
KYREE JAQUAN JOHNSON, TYREE JOHNSON,
and JOHNSON TYREE,

    Defendant-Appellant.

_____

Submitted June 6, 2017 — Decided June 22, 2017

Before Judges Reisner and Rothstadt.

On appeal from the Superior Court of New
Jersey, Law Division, Camden County,
Indictment No. 12-04-0813.

Joseph E. Krakora, Public Defender, attorney
for appellant (Alison Perrone, Designated
Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor,
attorney for respondent (Linda A. Shashoua,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Kyree Johnson appeals from a March 18, 2016 order denying his petition for post-conviction relief (PCR). He raises the following issue on this appeal:

> DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON THIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

We affirm.

In 2013, following a series of pre-trial motions, defendant pled guilty to aggravated manslaughter, N.J.S.A. 2C:11-4(a), and was sentenced to twelve years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. As set forth in the briefs and in the PCR judge's opinion, defendant was facing a strong prosecution case. Witnesses saw defendant fleeing the scene of the shooting. Another witness saw the shooter run into a store and discard some of his clothing. The police found a blood stained shirt and sweatpants, containing both the victim's DNA and defendant's DNA.

At the plea hearing, defendant confirmed a notation in the written plea agreement that he was not satisfied with his attorney's services. However, he gave no explanation for his dissatisfaction, and confirmed that he wished to plead guilty. He stated that he had sufficiently discussed the case with his attorney and provided an adequate factual basis for the guilty plea. Judge Michele M. Fox, who was then the trial judge,

concluded that defendant's unspecified dissatisfaction was not a bar to the court accepting his guilty plea.

Defendant subsequently filed his PCR petition, attesting in general terms that his trial counsel was ineffective in failing to "thoroughly investigate specific issues pertinent to proving his innocence prior to accepting the terms of a [plea offer]." In a thorough oral opinion placed on the record on March 18, 2016, Judge Fox concluded that defendant's PCR arguments were based on unsupported general assertions which did not establish a prima facie case of ineffective assistance of counsel. See State v. Porter, 216 N.J. 343, 353 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Having reviewed the record in light of the applicable legal standards, we agree with the judge that defendant's PCR contentions were unsupported by legally competent evidence. Nor did defendant attest that, but for his attorney's deficient representation, he would have refused to plead guilty and insisted on going to trial. See State v. Nuñez-Valdez, 200 N.J. 129, 139 (2009). Therefore, the judge properly rejected the PCR without an evidentiary hearing. Cummings, supra, 321 N.J. Super. at 170. We affirm for the reasons she stated in her opinion. Defendant's appellate arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION